Filed 4/6/16  P. v. Burgins CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051752 |
| v. | (Super. Ct. No. 13WF1940) |
| STEVEN LEE BURGINS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part, reversed in part and remanded with directions.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

In this Proposition 47 case, defendant Steven Lee Burgins contends the court erred by failing to count his excess custody credits against the one-year parole period the court imposed pursuant to Penal Code section 1170.18, subdivision (d).[1] We agree the court erred by failing to credit defendant's excess custody credits against his parole time. Accordingly, we remand this matter to the trial court for a recalculation of defendant's parole period. Furthermore, because we agree with the parties that defendant is no longer required to register as a drug offender under Health and Safety Code section 11590, we strike the court's registration order.

## FACTS AND PROCEDURAL HISTORY

In 2013, defendant pleaded guilty to felony possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a) — count 1) and misdemeanor possession of Clonazepam (Health & Saf. Code, § 11375, subd. (b)(2) — count 2). He was sentenced to a prison term of 1 year 4 months.

In April 2015, defendant applied to have his felony conviction designated as a misdemeanor pursuant to section 1170.18. At the hearing on defendant's petition, defense counsel advised the court defendant had been on post-release community supervision since February 24, 2014.

The court recalled defendant's felony sentence and resentenced him to a misdemeanor under section 1170.18, subdivision (b). The court awarded him actual custody credits of 249 days and conduct credits of 249 days for a total of 498 days of credit. The court then sentenced defendant to the 498 days already served. The court imposed parole for one year pursuant to section 1170.18, subdivision (d). The court did

---

[1] All statutory references are to the Penal Code unless otherwise stated.

not reduce defendant's one-year parole period, even though defense counsel requested the court to apply defendant's excess custody credits against the parole period.

The court ordered defendant to register as a drug offender for a period of five years.

## DISCUSSION

*The Court Erred by Failing to Credit Defendant's Excess Custody Credits Against His Parole Period*

We continue to adhere to the position this court originally expounded in *People v. Morales,* review granted August 26, 2015, S228030, and reaffirmed in *People v. Armogeda*, review granted December 9, 2015, S230374, i.e., that when a defendant is seeking resentencing under Proposition 47 and is subject to parole under section 1170.18, subdivision (d), the length of his or her parole should be reduced by his or her excess custody credits. We therefore conclude the trial court erred by failing to apply defendant's excess custody credits against his parole period.[2]

*The Order Requiring Defendant to Register As a Drug Offender Must Be Stricken*

Health and Safety Code section 11590, which imposes registration requirements on persons convicted of specified drug offenses, does not apply to a conviction of a misdemeanor under Health and Safety Code section 11357. (Health & Saf., § 11590, subd. (c).) The court therefore erred when it ordered defendant to register.

---

[2] The court acknowledged that, at the time of defendant's guilty plea, execution of sentence on count 2 (defendant's original misdemeanor conviction) had been stayed pursuant to section 654, thus reducing defendant's maximum exposure to 365 days on the original case, apparently resulting in excess custody credits of 133 days (498 – 365). But we leave it to the trial court to make the exact calculation on remand.

## DISPOSITION

The matter is remanded to the trial court with instructions to recalculate defendant's parole period consistently with this opinion, and to strike the registration requirement imposed under Health and Safety Code section 11590. The court shall apply defendant's excess custody credits against his section 1170.18, subdivision (d) parole period. In all other respects the judgment is affirmed.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

4